

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-352-CR**
**NO. 2-07-354-CR**

BRYAN RAY ROE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Bryan Ray Roe appeals from two convictions for indecency with

a child—exposure. The trial court convicted him in each case and sentenced him

to confinement of ten years' in each case, with the sentences to run

consecutively. In each case, Appellant's court-appointed appellate counsel has

filed a motion to withdraw as counsel and a brief in support of that motion. In

the briefs, counsel avers that, in his professional opinion, these appeals are

------------------------

[1] *See* Tex. R. App. P. 47.4.

frivolous. Counsel's briefs and motions meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. Although Appellant was given an opportunity to file a pro se brief, he has not done so.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[3] Only then may we grant counsel's motion to withdraw.[4]

We have carefully reviewed counsel's briefs and the records. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records that arguably might support the appeals.[5] Accordingly, we grant counsel's motions to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[5] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

DELIVERED: February 26, 2009